**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-6714**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL EARL CREWS,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:00-cr-00087-2H)

—————————

Submitted:  September 26, 2007       Decided:  November 2, 2007

—————————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Remanded by unpublished per curiam opinion.

—————————

Michael Earl Crews, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Earl Crews seeks to appeal the district court's denial of his "Renewed Motion to Waive Fine." In criminal matters, the defendant must file a notice of appeal within ten days after the entry of the district court's order. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court denied Crews' "Renewed Motion to Waive Fine" by order entered on September 20, 2006, and denied his motion for reconsideration of that order by order entered on December 8, 2006. Crews filed his notice of appeal on January 10, 2007,[*] after the ten-day appeal period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Crews has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[*]See Houston v. Lack, 487 U.S. 266, 276 (1988).